

# THE ATTORNEY GENERAL
# OF TEXAS

April 7, 1988

JIM MATTOX
ATTORNEY GENERAL

Mr. S. Dale Ousley
Chairman
Texas Board of Irrigators
1700 N. Congress Avenue
Austin, Texas 78701

Opinion No. JM-888

Re: Per diem for members of the Texas Board of Irrigators (RQ-1349)

Dear Mr. Ousley:

You ask whether members of the Texas Board of Irrigators are entitled to receive payment of actual travel expenses incurred in the performance of their official duties. The Texas Board of Irrigators was established by the passage of Acts 1979, 66th Leg., ch. 197, at 430 (article 8751, V.T.C.S). Section 3(g) of that act governs the payment of per diem and travel expenses to members of the board. Upon enactment, that section read as follows:

> (g) Each member shall receive as compensation for his or her services <u>$25 a day</u> for each day he or she is actively engaged in official duties <u>in addition to actual travel expenses</u>. (Emphasis added.)

In 1981, two years after the passage of the above-quoted language, in an effort to standardize per diem allowances for all Texas boards and commissions, the legislature adopted an omnibus per diem statute. That act, found at article 6813f, V.T.C.S., reads in pertinent part as follows:

> Sec. 2. (a) A member of a state board or commission is entitled to per diem relating to the member's service on the board or commission. The amount of the per diem is the amount prescribed by the General Appropriations Act.
>
> . . . .
>
> Sec. 3. Each law prescribing the amount of per diem relating to membership on a

state board  or commission  is suspended  to the extent of a conflict with this Act.   If the General Appropriations Act does not prescribe the amount of per diem to which  a member of  a state  board or  commission  is entitled by  law,  the law  prescribing  the amount of per diem is not suspended by  this Act.   If a law imposes a limit on the number of days for which a member of a state  board or commission is entitled to claim per diem, the limit is not suspended by this Act.

Shortly after  article  6813f  took effect,  the  attorney general interpreted its provisions as follows:

the clear  intent  of article  6813f  is  to supersede conflicting  provisions  regarding per diem  in  statutes  such as  articles 4413(41) and 4515.  In light of this, it  is apparent that article 6813f not only should, but __must__ prevail, to the extent of conflict, over these statutes.

Attorney General Opinion MW-388 (1981).  Subsequently, the legislature amended the per diem provision  for members of the Texas Board of Irrigators as follows:

(g)  Each member  shall receive  as  compensation for his or her services an  __amount__ __provided by the  General Appropriations  Act__ for each day he  or she is actively  engaged in official  duties  __in addition  to  actual__ __travel expenses__.   (Emphasis added.)

Acts 1985, 69th Leg., ch. 795, §9.002, at 2819.

The current  appropriations  act prescribes  per  diem allowances as follows:

Sec. 4.   PER DIEM OF BOARD OR  COMMISSION MEMBERS.  a.  As authorized by Section 2  of Article 6813f, Texas Revised Civil  Statutes Annotated, the per diem  of state board  and commission  members  shall  consist  of  (1) compensatory  per  diem  at  __$30  per   day__; (2) __actual expenses__  for meals  and  lodging __not to exceed  $75 per day__;  __and__ (3)  __trans-__ __portation__.

> b.  If a law enacted after Article 6813f
> authorizes per diem for members of a
> particular state board or commission, but
> does not specify the amount of the per diem,
> then the amount of the per diem shall be as
> listed in the preceding paragraph. (Emphasis
> added.)

General Appropriations Act, Acts 1987, 70th Leg., 2nd
C.S., ch. 78, art. V, §4(a), at 1082.  This $75 limit on
food and lodging expenses conflicts with the "actual
travel expenses" allowed by the board's enabling act and
gives rise to the current controversy.

In 1985, the attorney general clarified the combined
effect of article 6813f, V.T.C.S., and the appropriations
act on a particular board or commission's per diem pro-
vision.

> [T]he basic preemptive effect of article 6813f
> must depend primarily upon when it was en-
> acted.  As a general rule, when two statutes
> deal with the same subject, the most recently
> enacted statute prevails.  Consequently, a
> statute which is passed subsequent to article
> 6813f and which concerns the amount of per
> diem a particular board's members are en-
> titled to receive would create an exception to
> article 6813f with regard to that board or
> commission.  Because section 4(1) of article V
> of the current Appropriations Act provides for
> per diem '[a]s authorized by Section 2 of
> article 6813f,' it does not apply to per diem
> established by other statutes, _i.e._, those
> enacted after article 6813f.  The statute for
> the particular board and the board's appro-
> priation would control.

Attorney General Opinion JM-382 (1985).

The 1985 amendment to the Board of Irrigators statute
replaced the $25 a day compensatory amount of the original
act with the reference to the amount authorized in the
general appropriations act.  The amendment retained the
language authorizing "actual travel expenses."  This
statutory reference to the appropriations act eliminates
any argument that the legislature was unaware of the
existence of the appropriations act and the conflict
between the "actual travel expenses" of the board's

statute and the monetary ceiling placed on food and lodging in the language of the appropriations act. In our opinion, the amendatory language reflects a legislative intent to reinstate "the actual travel expenses" that had been authorized by article 8751 before the enactment of article 6813f. Consistent with the reasoning of Attorney General Opinion JM-382 quoted above, it is our opinion that the 1985 amendment to article 8751 supersedes article 6813f to the extent of any conflict. Accordingly, the members of the Texas Board of Irrigators are entitled to reimbursement for their actual travel expenses incurred in connection with their service on the board.

## S U M M A R Y

The members of the Texas Board of Irrigators are entitled to receive reimbursement for their actual travel expenses incurred in connection with their service on the board.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Karen C. Gladney
Assistant Attorney General